### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY HENRY RICE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-602-GKF-TLW |
| ) | |
| VALMONT INDUSTRIES, INC., ) | |
| a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Before the court is the Renewed Motion to Dismiss [Dkt. #6] of defendant Valmont Industries, Inc. ("Valmont"). Valmont seeks dismissal of plaintiff's Amended Petition for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion. [Dkt. #7].

### Procedural History

Plaintiff Rodney Henry Rice, Jr. ("Rice") sued Valmont, his former employer, in Tulsa County District Court on October 28, 2011, alleging Valmont had violated the Oklahoma Workplace and Drug and Alcohol Testing Act, 40 O.S. §§ 554, 555, 558 and 563. On November 18, 2011, Valmont removed the case to federal court based on diversity jurisdiction, and afterward filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). [Case No. 11-CV-724-GKF-TLW, Dkt. ##2, 8]. The court, *sua sponte*, remanded the case to state court because Valmont, in its Notice of Removal, failed to affirmatively allege jurisdictional facts supporting its allegation that the amount in controversy "very well may be" in excess of $75,000. [*Id.,* Dkt. #16].

Once the case was back in state court, Tulsa County District Judge Rebecca Brett Nightingale granted Valmont's motion to dismiss, but gave Rice leave to file an amended

petition. Rice filed his Amended Petition on July 20, 2012. [Dkt. #2 at 55-57]. Valmont filed the pending motion to dismiss on August 9, 2012 [Dkt. #6], and removed the case to federal court again on October 26, 2012, two days shy of the one-year limitation for removal of cases imposed by 28 U.S.C. § 1446(c).[1]

### Allegations of the Amended Petition

Rice alleges in his Amended Petition that he was employed by Valmont as a welder beginning in 2002 or 2003. [Dkt. #2, Amended Petition, ¶¶1-3]. He alleges that:

- the employer had an unwritten drug and alcohol testing policy in place in June 2011;

- the employer required him to undergo a "supposedly random" drug and alcohol test in June 2011;

- he provided a specimen for testing;

- the employer did not test the specimen, but nonetheless terminated the Plaintiff for "supposedly failing the drug test;"

- the employer violated SWDAT because the testing procedure was not random;

- the employer violated SWDAT by "requiring the Plaintiff to undergo testing when [it] failed to have [a] written testing policy;"

- the employer violated SWDAT when it failed to contract with a properly licensed facility to perform the testing on plaintiff's specimen;

- as a result of the violation of SWDAT plaintiff was wrongfully terminated.

---

[1] The Notice of Removal, which is supported by the Affidavit of Valmont's Human Resources Manager, Stacy Dugan, and plaintiff's responses to Valmont's requests for admission, establishes that the amount in controversy exceeds $75,000; thus the case appears to have been properly removed.

- Plaintiff was aggrieved by violation of SWDAT.

[Dkt. #2, Ex. B, Amended Petition].

### Applicable Standard

A Rule 12(b)(6) motion is properly granted when a complaint provides "no more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. *Id.* However, a court need not accept as true those allegations that are no more than "labels and conclusions." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), citing *Twombly*, 127 S.Ct. at 1964, 1965, 1974.

### Analysis

The SWDAT creates a private right of action on the part of employees, as follows:

> A. Any person aggrieved by a willful violation of the [SWDAT] may institute a civil action in a court of competent jurisdiction within two (2) years from the person's discovery of the alleged willful violation or of the exhaustion of any internal administrative remedies available to the person or be barred from obtaining the relief provided for in subsection B of this section.[2]

50 O.S. § 563(A). Although the Amended Petition makes the conclusory allegation that plaintiff "was aggrieved" by the employer's alleged violations of the SWDAT, the mostly contradictory and confusing factual allegations fail to identify *how* plaintiff was aggrieved. Plaintiff alleges

---

[2] SWDAT was amended effective November 1, 2011. Section 563, as amended, changes the limitation period from two years to one year and adds the following language: "A willful violation of the [SWDAT] requires proof by the preponderance of the evidence that the employer had a specific intent to violate the act." 40 O.S. §563(A), Laws 1993, c. 355, § 13, emerg. eff. June 10, 1993; Laws 2011, c. 180, § 9, eff. Nov. 1, 2011.

that he was terminated for "supposedly failing the drug test," the employer did not have a written drug and alcohol test, the request that the testing was not random, and the employer failed to contract with a properly licensed facility to perform the testing.  However, he also alleges the specimen he provided was never tested.  At best, the facts alleged in the Amended Petition state a claim for wrongful termination.  They do not, however, state a cognizable claim under SWDAT.

Additionally, a private right of action exists only for *willful* violations of SWDAT.[3]  The Amended Petition lacks even a conclusory allegation that the alleged violations of SWDAT were willful, intentional or made with deliberate disregard for the requirements of SWDAT, nor does it allege facts supporting such a conclusion.

The Amended Petition fails to meet the pleading requirements of *Twombly*.

## Conclusion

For the reasons set forth above, defendant's Motion to Dismiss [Dkt. #6] is granted.

ENTERED this 31st day of October, 2012.

                                                    _____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] In *Estes v. ConocoPhillips Co.,* 184 P.3d 518, 526-27 (Okla. 2008), the Oklahoma Supreme Court held that the term, as used on 40 O.S. §563(A) "contemplates not only conscious, purposeful violations of the Testing Act, but also deliberate disregard of the law by those who know, or should have known, of the requirements of the Testing Act."  Subsequently, the Oklahoma legislature amended § 563 to explicitly provide that a willful violation of the Testing Act "requires proof by the preponderance of the evidence that the employer had a specific intent to violate the act."  *See* n. 1, *supra*.