IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODNEY HENRY RICE, JR., an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 12-CV-602-GKF-TLW |
| VALMONT INDUSTRIES, INC. Defendant. | ) ) ) | |

## **REPORT AND RECOMMENDATION**

Before the undersigned United States Magistrate Judge for a report and recommendation is defendant Valmont Industries, Inc.'s ("Valmont") Motion for Attorney Fees and Brief in Support of Motion. (Dkt. ## 16, 17). Plaintiff filed a response (dkt. # 23), and Valmont filed a reply (dkt. # 25). The undersigned held a hearing on January 8, 2013. (Dkt. # 27). In its motion, Valmont sought attorney fees in the amount of $27,528.00.[1] (Dkt. ## 16, 17).

## **PROCEDURAL HISTORY**

Plaintiff filed a petition in state court on October 28, 2011, alleging violations of the Oklahoma State Workplace Drug and Alcohol Testing Act, 40 Okla. Stat. §554 et seq. (the "Workplace Act"). (Dkt. # 2 at 136-37). Valmont, a Delaware corporation doing business in the State of Oklahoma,[2] removed the case to federal court on November 18, 2011, on the basis of

---

[1] As discussed *infra*, Valmont revised its request downward during the January 8, 2013 hearing.

[2] The initial notice of removal states that Valmont is a Delaware corporation. (Dkt. # 2 at 127-28). The second notice of removal states that Valmont is a Nebraska corporation. (Dkt. # 2 at 1). Because plaintiff is located in Oklahoma, diversity jurisdiction is not affected by the discrepancy.

diversity jurisdiction.[3] (Dkt. # 2 at 127-28). Shortly after removing the case, Valmont filed a motion to dismiss. (Dkt. # 2 at 174-80). On June 19, 2012, the District Court, *sua sponte*, remanded the case to state court because Valmont had failed to meet its burden to establish that the amount in controversy exceeded $75,000.00. (Dkt. # 2 at 122-24). The motion to dismiss remained pending.

After remand, Valmont asked the state court judge to consider the motion to dismiss. (Dkt. # 17). The state court granted the motion to dismiss but gave plaintiff ten days to file an amended petition.[4] (Dkt. # 2 at 95). Plaintiff filed an amended petition on July 20, 2012, that contained almost identical allegations. (Dkt. # 2 at 85-86). Three weeks later, Valmont filed another motion to dismiss, alleging that plaintiff's amended petition still failed to state a cognizable claim for relief. (Dkt. # 6). While the second motion to dismiss was pending, Valmont conducted discovery and found facts that, in conjunction with recent amendments to the Workplace Act, established more than $75,000.00 in damages. (Dkt. # 2 at 1-4). Based on those findings, on October 26, 2012, Valmont removed the case to federal court a second time. (Dkt. # 2).

The District Court retained the case after the second removal and granted Valmont's motion to dismiss on October 31, 2012. (Dkt. # 11). The District Court found that plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Id. Specifically, the District Court held that the Workplace Act allows recovery only for *willful* violations of the statute and that plaintiff's amended petition only "makes the conclusory allegation that plaintiff 'was

---

[3] Valmont claimed that "[p]ursuant to the allegations contained in Plaintiff's Petition, Defendant believes that damages sought may exceed $75,000.00." (Dkt. # 2 at 127). Plaintiff's petition, however, specifically stated that plaintiff was seeking less than $75,000.00. (Dkt. # 2 at 137).

[4] At the hearing, all parties agreed that the state court likely erred in dismissing the claim *and* giving plaintiff an opportunity to amend his petition. (Dkt. # 27, Hearing on Motion for Attorney Fees, United States Magistrate Judge T. Lane Wilson).

aggrieved.'" (Dkt. # 11). The District Court also found that "the mostly contradictory and confusing factual allegations fail to identify *how* plaintiff was aggrieved" and that plaintiff's amended petition "lacks even a conclusory allegation that the alleged violations of [the Workplace Act] were willful, intentional, or made with deliberate disregard for the requirements of [the Workplace Act], nor does it allege facts supporting such a conclusion." Id. (emphasis in original).

Following the dismissal, Valmont filed its motion for attorney fees. (Dkt. ## 16, 17).

**VALMONT'S MOTION FOR ATTORNEY FEES**

Valmont cites two statutes in support of its motion - the Workplace Act and 28 U.S.C. § 1447(c). (Dkt. # 17). The Workplace Act provides that "[r]easonable costs and attorney fees *may* be awarded to the prevailing party, whether plaintiff or defendant." 40 Okla. Stat. §563B (emphasis added). The federal statute addresses costs incurred with orders remanding cases to state court after removal and provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Both statutes are permissive, rather than mandatory, leaving the award of fees to the discretion of the trial court, as evidenced by the use of the word "may." See Kurtz v. Clark, 2012 WL 5932047 (Okla. Civ. App. October 16, 2012) (holding that the ordinary definition of the word "may," in an attorney fee statute was permissive rather than mandatory). Valmont notes the permissive language but appears to presume entitlement to an award of fees, a presumption that plaintiff disputes. (Dkt. ## 17, 23, 25). Valmont argues tangentially that it should receive fees because it spent over a year litigating the issue of plaintiff's ability to file a proper complaint and because it had to file two notices of removal and two motions to dismiss to resolve the litigation. (Dkt. # 17). Valmont argues that its

fees are reasonable and attaches detailed billing invoices to support its request for fees. (Dkt. # 17).

Plaintiff argues that Valmont is not entitled to fees by statute and that the Court, using its discretion, should not grant fees in this case. (Dkt. # 23). Plaintiff acknowledges that no existing case law interprets the Workplace Act, but plaintiff cites what he calls analogous civil rights-based employment case law, which limits the recovery of a prevailing defendant unless the litigation was "frivolous or designed to embarrass the defendant." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983)). Plaintiff also cites to a recent state case, in which the Oklahoma Court of Civil Appeals held that "[w]ith respect to a prevailing defendant, a fee should only be awarded when a plaintiff's 'claim was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so.'" Goff v. Salazar Roofing & Const., Inc., 242 P.3d 604 (Okla. Civ. App. 2010) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). Plaintiff contends that Valmont has failed to demonstrate that his claim was frivolous or vexatious, in part because Judge Frizzell's order dismissing the case contains no language to support such a finding. (Dkt. # 23).

Alternatively, plaintiff argues that the fee request is not reasonable on a number of grounds, referencing the factors enumerated in Burk v. City of Oklahoma City, 598 P.2d 659, 661 (Okla. 1979). First, plaintiff stipulates that the rates charged by Mr. Strecker, Ms. Hunt, and Ms. Ridenour are reasonable, but he reserves the right to challenge the reasonableness of the rate charged by Mr. Parkey and Mr. Kilian. (Dkt. # 23 at 4 and n.1). Plaintiff then challenges a number of entries, contending that they "are vague or indicate duplicative work by numerous attorneys [sic] relatively straightforward legal actions." (Dkt. # 23 at 5). Those objections amount to a $5,168.25 reduction. (Dkt. # 23).

4

In its reply, Valmont acknowledges that the relevant statutes, namely the Workplace Act are permissive, but it argues that the overarching determination for the court should be "'to predict how the [Oklahoma] high court would rule' in the absence of Oklahoma law on the relevant issue." (Dkt. # 25 at 2) (quoting Hamilton v. Water Whole Int'l Corp., 302 Fed.Appx. 789 (10th Cir. 2008) (unpublished) (brackets in original)). Valmont contends that the disparate plaintiff/defendant standard in civil rights employment cases is an improper analogy because the Oklahoma Supreme Court, interpreting Workplace Act on other issues, has ruled the Workplace Act to be a "specific statute for a specific and limited circumstance" that protects both "the rights of the employee and the employer when there is employee drug testing." See Jones v. State of Oklahoma Office of Juvenile Affairs, 268 P.3d 72, 77, 78 (Okla. 2011).

Valmont does not suggest what standard the Court should consider if it rejects the approach plaintiff argues. Instead, Valmont argues that it can also demonstrate that plaintiff's claims were frivolous. Valmont contends that "[p]laintiff was given multiple opportunities in multiple forums to articulate a consistent claim against the[sic] Valmont and was unable to do so." (Dkt. # 25 at 3). Valmont also points to plaintiff's misstated allegation that Valmont had no written drug testing policy and to the fact that neither petition failed to allege a willful violation. (Dkt. # 25 at 3-4). Under these circumstances, Valmont argues, "the defects in the suit are of such magnitude" that plaintiff knew or should have known that his claim had no merit. Id. (quoting Twilley v. Integris Baptist Medical Center, Inc., 16 Fed.Appx. 923, 926 (10th Cir. 2001) (unpublished)). Valmont contends that plaintiff knew about the defects after the state court granted the first motion to dismiss but failed to remedy them. (Dkt. # 25 at 4). Valmont also contends that Judge Frizzell believed plaintiff's complaint was frivolous, as indicated by the Court's statement that "the Amended Petition lacks even a conclusory allegation that the alleged

violations of [the Workplace Act] were willful, intentional or made with deliberate disregard for the requirements of [the Workplace Act], nor does it allege facts supporting such a conclusion." (Dkt. # 11).

Finally, with respect to the reasonableness of fees, Valmont challenges plaintiff's assertion that the work was duplicative and/or straightforward. Valmont contends that the intense factual and legal analysis required to determine its ability to remove the case to federal court was a novel legal issue. Additionally, Valmont contends that the duplicative services are simply a reflection of the firm's ethical practice of having less experienced attorneys complete the work and submit them to more experienced attorneys for review.

## THE HEARING ON VALMONT'S MOTION

During the hearing on January 8, 2013, both parties agreed that the "frivolousness" standard applied to Valmont's fee request under the Workplace Act. (Dkt. # 27, Hearing on Motion for Attorney Fees). In addition, counsel for Valmont agreed that Valmont was not seeking fees for any period prior to the date on which plaintiff filed his amended petition. Id.

## ANALYSIS

The undersigned first addresses Valmont's argument that it is entitled to attorney fees under 28 U.S.C. § 1447(c) as a result of the removal of this case to federal court. Section 1447(c) is intended to reimburse a party for the costs and expenses of obtaining a remand. The statute provides that "[a]n <u>order remanding</u> the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Valmont's interpretation that it is entitled to fees under Section 1447 as a result of its second removal would turn the statute on its head. Section 1447 is not intended to reward a party for misfiring on an effort to remove a case to federal court. <u>This case was remanded in the first instance</u> because Valmont failed to meet its burden of establishing that the amount in

6

controversy exceeded $75,000.00. (Dkt. #2 at 122-24). See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Had it been plaintiff that sought the remand (as opposed to the District Court's *sua sponte* consideration) and had plaintiff incurred fees and costs as a result of the initial removal, the remand order could have required Valmont to pay plaintiff's fees and costs, not the other way around. Accordingly, the undersigned recommends that defendant's request for fees under 28 U.S.C. § 1447(c) be denied .

Valmont next argues that it is entitled to attorney fees under the Workplace Act. The Workplace Act provides that "[r]easonable costs and attorney fees *may* be awarded to the prevailing party, whether plaintiff or defendant." 40 Okla. Stat. §563B (emphasis added). The undersigned could find no existing case that interprets the Workplace Act's attorney fee provision. Plaintiff argues that the Workplace Act is a civil rights statute that requires application of a dual standard: liberal awards of attorney fees for prevailing plaintiffs and limited awards for prevailing defendants. The United States Supreme Court articulated this dual standard in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 415-16 (1978):

> It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141. Congress has provided only limited exceptions to this rule "under selected statutes granting or protecting various federal rights." Id., at 260, 95 S.Ct. at 1623. Some of these statutes make fee awards mandatory for prevailing plaintiffs; [FN5] others make awards permissive but limit them to certain parties, usually prevailing plaintiffs. [FN6] But many of the statutes are more flexible, authorizing the award of attorney's fees to either plaintiffs or defendants, and entrusting the effectuation of the statutory policy to the discretion of the district courts. [FN7] Section 706(k) of Title VII of the Civil Rights Act of 1964 falls into this last category, providing as it does that a district court may in its discretion allow an attorney's fee to the prevailing party.

The Court went on to explain that civil rights statutes, such as the Americans with Disabilities Act, favor granting attorney fees to a prevailing plaintiff, as a means to encourage attorneys to police unlawful conduct. See id. at 416-17. The Court stated that "the plaintiff is the chosen

7

instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.'" Christiansburg, 434 U.S. at 418. An award of attorney fees to a prevailing plaintiff is also an award of fees "against a violator of federal law." Id.

When considering prevailing defendants, however, Congress's concern with discretionary award provisions, such as the one in the Americans with Disabilities Act, is only "to deter the bringing of lawsuits without foundation,' 'to discourage frivolous suits,' and 'to diminish the likelihood of unjustified suits being brought.'" Id. at 420 (citing "Senate floor discussions of the almost identical attorney's fee provision of Title II"). In light of these policy considerations, the Supreme Court concluded that attorney fees for prevailing defendants should only be awarded when the Court makes "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421. Oklahoma, of course, follows Supreme Court precedent on this issue. See Goff v. Salazar Roofing & Const., Inc., 242 P.3d 604 (Okla. Civ. App. 2010).

However, the Workplace Act is not clearly a civil rights statute, and the statutory history indicates that it is not intended to serve as a civil rights statute that favors a dual-standard for an award of attorney fees. The statute provides that "[r]easonable costs and attorney fees may be awarded to the prevailing party, *whether plaintiff or defendant*." 40 Okla. Stat. §563B (emphasis added). The original statute, passed in 1993, did not contain the last phrase. When the statute was amended in 2011 (effective November 1, 2011), the legislature added the phrase "whether plaintiff or defendant" without additional limitations, such as those included in civil rights statutes. Additionally, the Oklahoma Supreme Court has indicated that, unlike a civil rights statute, the Workplace Act is intended to provide protection and benefits to both employers and employees. See Jones, 268 P.3d at 78 (stating that the statute protects both "the rights of the

8

employee and the employer when there is employee drug testing."). Accordingly, the undersigned concludes that the Oklahoma Supreme Court would not apply the dual-standard advocated in plaintiff's response and agreed to by the parties at the hearing. Rather, the undersigned concludes that the Oklahoma Supreme Court would rely on the plain language of the statute. Thus, an award of attorney fees under the Workplace Act need not be predicated on a finding that plaintiff's claim was frivolous or vexatious.

Rejecting the dual standard, however, does not resolve the issue of what the standard should be. In other cases involving a discretionary award of fees and costs, Oklahoma appears to leave the decision to the sound discretion of the trial court. For instance, in Stroud Nat'l Bank v. Owens, 134 P.3d 870, 879-80 (Okla. Civ. App. 2005), the Oklahoma Court of Civil Appeals refused to adopt a reading of a discretionary fee statute (related to the recovery of the possession of personal property) that would require the court to weigh "the equities of the case." Instead, the court upheld the trial court's decision to award fees based on the trial court's factual findings. See id. at 880.

Here, applying the discretionary standard, an award of attorney fees is proper in light of the procedural history of the case. Plaintiff's petition was dismissed in state court, ostensibly for procedural defects. Plaintiff's amended petition was dismissed by the District Court under Federal Rule of Civil Procedure 12(b)(6). The District Court found that plaintiff's amended petition "makes the conclusory allegation that plaintiff 'was aggrieved,'" but "the mostly contradictory and confusing factual allegations fail to identify *how* plaintiff was aggrieved." (Dkt. # 11) (emphasis in original). Additionally, plaintiff's amended petition "lacks even a conclusory allegation that the alleged violations of [the Workplace Act] were willful, intentional, or made with deliberate disregard for the requirements of [the Workplace Act], nor does it allege

9

facts supporting such a conclusion." (Dkt. # 11). In light of the District Court's factual findings, the undersigned finds that Valmont is entitled to attorney fees.

Although Valmont's motion requests attorney fees for the entire amount accrued as a result of the litigation, at the hearing counsel for Valmont agreed to limit Valmont's fee request to those fees incurred after plaintiff amended his petition. (Dkt. # 27, Hearing on Motion for Attorney Fees, Jessica Hunt). The undersigned finds this time period to be reasonable.[5] This limitation results in a fee request in the amount of $13,154.00. For this time period, plaintiff's only objection is that the following time entries are "vague or indicate duplicative work by numerous attorneys [on] relatively straightforward legal actions":

> 7/23/2012 review amended petition and conference with jvh re options for responding; review discovery requests; conference with jvh re same 1.10 @ 275 - $302.50;
>
> 7/23/2012 conf. with des re revisions/strategy re amended petition; conf. with jma re renewal of motion; revise request for admissions; draft e-mail to client re amended petition and strategy; conf with des re revisions to request for admissions; e-mail conference with Stacy Dugan re hours worked by Rice for use in request for admissions. 4.20 @ 195 - $ 819;
>
> 7/26/2012 review draft of renewed motion to dismiss and conference with jvh re same .60 @275 - $165;
>
> 7/27/2012 revise renewed motion; revise request for admissions; e-conference with des re same. 1.50 @195 - $292.50;
>
> 7/30/2012 review draft brief and conference with jvh re same .30 @275 - $82.50
> 8/22/2012 review response to admission request .40 @275 - $110;
>
> 8/23/2012 JVH conf with jaf re need for calculations review for amount in controversy .4 @195 - $78;

---

[5] The time period is July 20, 2012, the date that plaintiff filed his amended petition, through October 31, 2012, the date that the District Court dismissed plaintiff's amended petition. (Dkt. ## 2 at 2, 11).

10

8/31/2012 conf with jma re process for reply; e-mail conference with John Smith T re strategy; draft motion for leave to reply; e-mail conference with David Blades re objection to motion for leave; revise motion for leave to reply; draft order re same 1.40 @ 195 - $273;

9/7/2012 conf with jvh re reply brief for motion to dismiss; conf with jvh re plaintiff's amendment to petition, answer to admission and defendant's response .80 @215 - $172;

9/10/2012 review reply to Plaintiff's response to renewed motion to dismiss and conf with jvh re same. .60 @275 - $165;

9/12/2012 conf with jma re OSCN records on Rice .40 @195 - $78

(Dkt. # 23 at 5-7).

The undersigned agrees with plaintiff that a number of these time entries are vague. The undersigned reaches this conclusion because a number of the time entries reflect block billing. By way of explanation, "[t]he term 'block billing' refers to the 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'"[6] Robinson, 160 F.3d at 1285 n.9 (quoting Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)). Attorneys are required to keep "meticulous time records that reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks." Jane L. v. Bangerter, 61 F.3d 1505, 1511 (10th Cir. 1995) (quoting Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983)). Block billing "naturally and quite correctly raise[s] suspicions about whether all the work claimed was actually accomplished or whether it was necessary. This concern is particularly important in a situation where a party is seeking to have [its] opponent pay for [its own] lawyer[s'] work." Robinson, 160 F.3d at 1284.

---

[6] The District Court included a thorough analysis of block billing in its Opinion and Order. (Dkt. # 268 at 20).

11

Here, each of the time entries identified by plaintiff, except three (August 22 and 23, 2012 and September 12, 2012), include block billing. The undersigned is not able to determine, with respect to any of the block billed time entries how much time was billed to each identified task. However, the total time assigned to the cumulative tasks does not appear unreasonable. Thus, the undersigned recommends a reduction of twenty-five percent (25%) of the block billed entries in order to account for the block billing. This amounts to a reduction of $567.88. Otherwise, the undersigned finds that the time sought by Valmont reflects legal work that was appropriate for this case and was not duplicative. Plaintiff has not objected to the hourly rates assigned to those attorneys who rendered legal services in this case after July 20, 2012, and the undersigned finds those rates reasonable. Thus, the total recommended attorney fee is $12,586.12.

## RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Valmont be granted $12,586.12 in attorney fees.

## OBJECTION

The District Judge assigned to this case will conduct a *de novo* review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his review, the Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so by February 26, 2013. See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and

Recommendation that are accepted or adopted by the District Court. See Moore v. United States, 950 F.2d 656 (10th Cir. 1991); and Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

SUBMITTED this 12th day of February, 2013.

T. Lane Wilson
United States Magistrate Judge