IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODNEY HENRY RICE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-602-GKF-TLW |
| | ) | |
| VALMONT INDUSTRIES, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court is the Motion for Attorney Fees [Dkt. #16] of defendant Valmont Industries, Inc. ("Valmont") and the Report and Recommendation of Magistrate Judge T. Lane Wilson [Dkt. #31] on the motion. Magistrate Judge Wilson recommended that Valmont be awarded $12,586.12 in attorney fees. [Dkt. #31 at 12]. Plaintiff, Rodney Henry Rice, Jr. ("Rice"), filed an Objection to the Report and Recommendation. [Dkt. #31].

### I. Standard of Review

The district court must conduct a *de novo* review of the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

A party wishing to object to a magistrate judge's report and recommendation must, within 14 days, file "specific written objections" to the report and recommendation.

Fed.R.Civ.P. 72(b)(2). The Tenth Circuit has adopted a "firm waiver rule" which provides that the failure to make timely objections to the magistrate judge's findings or recommendations waives appellate review of both factual and legal questions. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The Tenth Circuit has also held that "because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute . . . . a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). Thus, "[a] general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review." *Brooker v. Gould*, 2012 WL 6949023 (D. Colo. 2012).

## II. Procedural Background

Rice sued Valmont, his former employer, in Tulsa County District Court on October 28, 2011, alleging Valmont had violated the Oklahoma State Workplace and Drug and Alcohol Testing Act (the "Workplace Act"), 40 O.S. §§ 554, 555, 558 and 563. Valmont removed the case to federal court based on diversity jurisdiction and subsequently filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). [Case No. 11-CV-724-GKF-TLW, Dkt. ##2, 8]. The court, *sua sponte*, remanded the case to state court because Valmont, in its Notice of Removal, failed to affirmatively allege jurisdictional facts supporting its allegation that the amount in controversy was in excess of $75,000. [*Id.,* Dkt. #16].

Valmont's motion to dismiss was granted by the state court district judge. Thereafter Rice, with leave of court, filed an amended petition,[1] and Valmont filed another motion to

---

[1] In the hearing before the Magistrate Judge, the parties agreed the state court likely erred in dismissing the claim *and* giving plaintiff an opportunity to amend his petition. [Dkt. #31 at 2, n. 4].

2

dismiss. Valmont subsequently removed the case to federal court again on October 26, 2012. In its Notice of Removal, Valmont once again asserted the amount in controversy exceeded $75,000, but supported the assertion with an affidavit from its human resources manager and plaintiff's responses to discovery requests.

The court retained the case and granted Valmont's Motion to Dismiss on October 31, 2012, finding plaintiff had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Dkt. #11]. The court stated, in pertinent part:

> Although the Amended Petition makes the conclusory allegation that plaintiff "was aggrieved by the employer's alleged violations of the [Workplace Act], the mostly contradictory and confusing factual allegations fail to identify *how* plaintiff was aggrieved. Plaintiff alleges that he was terminated for "supposedly failing the drug test," the employer did not have a written drug and alcohol [policy], the [testing procedure] was not random, and the employer failed to contract with a properly licensed facility to perform the testing. However, he also alleges the specimen he provided was never tested. At best, the facts alleged in the Amended Petition state a claim for wrongful termination. They do not, however, state a cognizable claim under [the Workplace Act].
>
> Additionally, a private right of action exists only for *willful* violations of [the Workplace Act.] The Amended Petition lacks even a conclusory allegation that the alleged violations of [the Workplace Act] were willful, intentional or made with deliberate disregard for the requirements of [the Workplace Act], nor does it allege facts supporting such a conclusion.

[*Id.* at 3-4].

Subsequently, Valmont filed its motion for attorney fees, citing the Workplace Act, 40 O.S. §563B, and 28 U.S.C. § 1447(c).[2] The Magistrate Judge, in his Report and Recommendation, rejected Valmont's argument that it was entitled to attorney fees under 28 U.S.C. § 1447(c). However, he found that attorney fees were awardable under the Workplace Act, which provides that "[r]easonable costs and attorney fees may be awarded to the prevailing party, whether plaintiff or defendant." 40 O.S. §563B. He concluded that under § 563B, the

---

[2] The federal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

decision of whether to award attorney fees was left "to the sound discretion of the trial court," and that here, an award of attorney fees is proper in light of the procedural history of the case. [Dkt. #31 at 9].[3]

Although Valmont sought attorney fees for the entire amount accrued as a result of the litigation, at the hearing before the Magistrate Judge, counsel for Valmont agreed to limit Valmont's fee request to those fees incurred after plaintiff amended his petition (from July 20, 2012, through October 31, 2012, the date the court dismissed Rice's amended petition). [Dkt. #27, Minutes of Hearing]. The Magistrate Judge found this period, during which requested fees totaled $13,154.00, to be reasonable. The Magistrate Judge recommended a reduction of 25 percent in three time entries to account for impermissible block billing, for a total recommended attorney fee award to $12,586.12.

In his Objection, Rice argued that Valmont is not entitled to an award of attorney fees, but stipulated he "does not object to the amount of fees as calculated by the court." [Dkt. #32 at 4].

### III. Analysis

Rice objects to the Magistrate Judge's finding that Valmont is entitled to recover attorney fees under 40 O.S. § 563B. Although his objection is not a model of clarity, he appears to argue that the magistrate judge erred in applying a "discretion of the court" standard rather than the dual standard applied in civil rights actions such as Title VII, i.e., liberal awards for prevailing plaintiffs and limited awards for prevailing defendants.[4]

---

[3] During the hearing, both parties agreed that a "frivolousness" standard applied to Valmont's fee request under the Workplace Act. Valmont contended Rice's conduct met such a standard. The Magistrate Judge rejected the "frivolousness" standard, though, and found that under Oklahoma law, the decision of whether to award attorney fees is left "to the sound discretion of the trial court." [Dkt. #31 at 9].

[4] Valmont asserts Rice has failed to state his objections to the report and recommendation with sufficient specificity and the court should, therefore, deem the objections waived pursuant to Rule 72(b)(2).

Under the Workplace Act, "[r]easonable costs and attorney fees *may* be awarded to the prevailing party, whether plaintiff or defendant." 40 O.S. § 563B (emphasis added). The parties agree the statute is permissive rather than mandatory. The issue before the court is what standard should be used to determine whether to award attorney fees. There is no Oklahoma authority directly on point, so the court must predict how the Oklahoma Supreme Court would resolve the issue. *See Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 899 (10th Cir. 2006).

Rice argues the Workplace Act is analogous to federal civil rights statutes such as Title VII[5] and, therefore, the court should apply the dual standard.

The dual standard was articulated in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978). There, the court acknowledged it was well established that under Title VII that "a prevailing *plaintiff* ordinarily is to be awarded attorney's fees in all but special circumstances." *Id.* at 417. At issue was what standard should apply to attorney fee requests by prevailing defendants. The employer urged application of an identical standard for defendants. Plaintiff argued a prevailing defendant should be awarded fees only in a situation where the plaintiff was motivated by bad faith in bringing the action. The court rejected both positions and staked a middle ground, holding that a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Id.* at 421. In explaining its rationale, the court stated:

> [T]here are at least two strong equitable considerations counseling an attorney's fee award to a prevailing Title VII plaintiff that are wholly absent in the case of a prevailing Title VII defendant."
>
> First, . . . the plaintiff is the chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority. Second, when a district court

---

[5] Title VII of the Civil Rights Act of 1964 provides that " the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e-5(k).

5

> awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law. . . . [T]hese policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.

*Id.* at 418-419 (quotations and citations omitted). The court found the legislative history indicated "that while Congress wanted to clear the way for suits to be brought under the Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis." *Id.* at 420.

However, neither case law nor legislative history supports a conclusion that the Workplace Act is analogous to federal civil rights statutes or that application of a dual standard is appropriate. The Oklahoma Supreme Court, in *Jones v. State of Oklahoma Office of Juvenile Affairs*, 268 P.3d 72, 76 (2011), described the Workplace Act as "a stand-alone, specific and controlling statute."[6] Employer drug testing laws were enacted, said the court, "to balance the employee's constitutional rights and the movement for a drug free workplace," and the Workplace Act "is designed to protect both the rights of the employer and the rights of the employee." *Id.*

Legislative history, too, suggests an intent to treat employers and employees equally with respect to attorney fee applications. The original version of § 563B, enacted in 1993, provided, "Reasonable costs and attorney fees may be awarded to the prevailing party." The statute was amended in 2011 to state: "Reasonable costs and attorney fees may be awarded to the prevailing party, *whether plaintiff or defendant*." (emphasis

---

[6] In *Jones*, plaintiff, a classified state employee who had been terminated based on an alleged drug policy violation, filed a civil suit against the State of Oklahoma Office of Juvenile Affairs ("OJA") asserting willful violation of the Workplace Act. The trial court granted summary judgment in favor of the employer because plaintiff had not complied with 74 O.S. § 840-6.7, which requires exhaustion of administrative remedies before a discharged classified employee may bring an action in the district court. The court of civil appeals affirmed the decision. The Supreme Court reversed, concluding an the Workplace Act provides an independent cause of action which authorizes a classified state employee to file an action in district court without first exhausting the employee's administrative remedy. *Id.* at 74.

added). The addition of this more explicit language undermines the proposition that the legislature intended a dual standard to apply to attorney fee awards.

This court concludes that the dual standard applied in federal civil rights cases should not be applied to a fee request under the Workplace Act. Rather, Oklahoma case law suggests that attorney fees sought pursuant to a permissive statute are subject to the sound discretion of the court. *See Stroud Nat. Bank v. Owens*, 134 P.3d 870, 879-80 (Okla. Civ. App. 2005) (finding trial court did not abuse its discretion in awarding attorney fees to prevailing defendant under 12 O.S. § 1580, which provides that in an action to recover possession of personal property, the judgment rendered in favor of the prevailing party "may include a reasonable attorney fee to be set by the court").

The history of this case, set forth in the court's order granting Valmont's Motion to Dismiss, supports an award of fees to Valmont. The original petition was dismissed by the state court judge for failure to state a claim. Given the opportunity to fix defects in the original petition, Rice filed an amended petition which was substantively identical to his first petition. It contained conflicting and confusing allegations of fact, failed to allege an essential element of a claim under the Workplace Act, i.e., a *willful* violation, and failed to allege facts supporting a claim of willful violation.[7] Therefore, the court concludes Valmont is entitled to recover attorney fees incurred after plaintiff amended his petition.

---

[7] The court believes Rice's conduct was sufficiently egregious, under the circumstances, to meet the "frivolousness" standard articulated in *Christiansburg*. *See, i.e., Twilley v. Integris Baptist Medical Center, Inc.*, 16 Fed. Appx. 923, 926 (10th Cir. 2001) (unpublished) (affirming trial court's award of attorney fees to prevailing defendant in ADA lawsuit and observing that "[c]ourts have awarded attorneys fees to prevailing defendants where . . .the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.") (citing *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985)).

The Report and Recommendation of the Magistrate Judge [Dkt. #31] is accepted. Valmont's Motion for Attorney Fees [Dkt. #16] is granted and Valmont is awarded at total of $12,586.12 in attorney fees.

ENTERED this 17th day of June, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT